## MANTEL v. RALPH KNIGHT, Inc.
### No. 1030.

District Court, W. D. Missouri, W. D.
May 20, 1942.

David H. Bresler, of Kansas City, Mo., for plaintiff.

Chet D. Vance, of Kansas City, Mo., for defendant.

COLLET, District Judge.

In the final analysis, the serious question in this case is whether the definition of the terms "executive" and "administrative" employees, as promulgated by the Administrator, represents a valid exercise of power conferred upon the Administrator by Congress. The line of demarcation between the duty of the Court and the proper function of the Administrator in matters of this kind is at best somewhat hazy when the problem is approached from a theoretical and purely legalistic standpoint. When the approach is from that angle it is difficult to determine just where the properly delegable powers of an administrative agent of Congress ceases and the judicial functions of the Courts begin. It is permissible, however, to gauge the character of authority delegated by Congress upon the assumption that the authority delegated was for the purpose of meeting practical problems which would arise in the administration of the Act and to further assume that the authority delegated was of such a nature as would not conflict with the powers concurrently or previously conferred by Congress upon the Courts. When viewed from such a standpoint, the action of Congress in giving to the Administrator the authority to "define and delimit" the terms "executive" and "administrative" employees, becomes a direction to the Administrator to make a finding of fact as to what characteristics of employment will identify administrative or executive officers and distinguish them from the class of non-exempt employees. The establishment of general qualifications to be used in determining who are administrative or executive employees and who are not, must, of necessity, as the Administrator recognizes,[1] be arbitrary in a sense. Otherwise, the classification would be useless and in every individual case it would be necessary for the Court to determine the distinctive characteristics of the different classes of employees. The Administrator has found as a fact in promulgating his definition that the head of a department, who devotes more than 20% of his time to the same character of work which other employees in the department perform, cannot be an executive employee except in certain instances not now material, nor can an employee fall in the class distinctively administrative when the salary is less than $200 per month.

The many considerations actuating and motivating the Administrator's conclusion are not now material. It is sufficient to observe that many reasonable grounds may be conceived for the conclusion reached—all amply supported by facts of common knowledge. When the definition is considered as a finding of fact by an administrative officer, it will readily be recognized as a legitimate exercise of administrative authority. As such it is entitled to recognition by the Courts, not as a substitution of judicial responsibility but as the establishment of a rule for classification of employees for the Courts' guidance, assistance and convenience rather

---

[1] "Executive, Administrative, Professional * * * Outside Salesman" Redefined. Report and Recommendations of the Presiding Officer at Hearings Preliminary to Redefinition. October 24, 1940.

374

than as the usurping of the prerogative of the Courts.

It would seem to be no less proper for an administrative arm of Congress at the direction of Congress to say that an executive employee is one who does not devote more than 20% of his time, or more than 20% of the time which a nonexempt employee devotes to labor of a like kind, than it would be for the same officer to say that an artisan, who, in plying his trade, uses a two pound hammer, will be classified as a plumber, while one who uses an instrument much lighter in weight but more jarring in effect, shall be deemed to be a dentist.

The foregoing will sufficiently illustrate the theory upon which this Court has reached the conclusion that the plaintiff should recover.